UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WEDONNA MORRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 05-1496 (RBW) |
| ) | |
| v. ) | |
| ) | |
| GALE E. NORTON, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant, Gale A. Norton, Secretary, U.S. Department of the Interior, through her undersigned counsel, hereby answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

The defendant had legitimate, non-discriminatory reasons for its actions which were in full compliance with law and regulation.

### ANSWER to SPECIFIC ALLEGATIONS IN NUMBERED PARAGRAPHS

Defendant responds to the numbered allegations of the Complaint as follows:

1. Paragraph 1 sets forth plaintiff's description of her action to which no response is required. To the extent a response may be deemed necessary, deny that this court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-16(c), and § 2003e-5(f)(3), and 28 U.S.C. § 1331 and § 1343(a)(4).

2. Admit that venue is proper.

3. Admit that the plaintiff Wedonna L. Morris is an African American female, a citizen of the United States and a resident of the District of Columbia and a former Federal employee. Deny that plaintiff is an "aggrieved person" in that defendant denies engaging in any unlawful employment practices, and deny that plaintiff is entitled to any relief.

4. Admit that Gale A. Norton is Secretary, United States Department of the Interior (DOI) and in her official capacity is the proper party defendant.

5. Paragraph 5 sets forth plaintiff's description of her action to which no response is required. To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

6. Deny.

7. Admit that plaintiff interviewed with the EEO counselor on October 25, 2002, and that she complained to the counselor that she had been discriminated against on the basis of her race, sex, color and reprisal.

8. Admit, except aver that the date was December 19, 2002.

9. Admit.

10. Admit.

11. Admit that plaintiff requested an administrative hearing before the U.S. Equal Opportunity Commission (EEOC) on March 16, 2004. Aver that the EEOC Administrative Judge issued a Notice of Intent to Issue Decision Without a Hearing on June 23, 2004.

12. Admit.

13. Admit.

14. Deny.

15. Admit.

16. Admit that Earl Devaney is a white male and that he has never filed an EEO complaint. Aver that Mr. Devaney has served as Inspector General of the U.S. Department of the Interior since August, 1999. Deny remainder of allegations contained in paragraph 16.

17. Admit that plaintiff has worked in OIG Investigations since 1989. Admit that plaintiff called in sick in the fall of 2000. Deny remainder of allegations in paragraph 17.

18. Admit that plaintiff had worked in the Hotline Coordinator position for approximately twelve years and occupied the position of a GS-12 Investigative Analyst at the time of her removal from the Federal service. As to the second and third sentences in paragraph 18, admit that plaintiff and other OIG employees have given statements they have never seen or processed any classified material while employee by the OIG, however, defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

19. Admit that plaintiff requested promotion to a GS-13. Deny that defendant repeatedly denied plaintiff's request. Admit that Ms. Linda Moon, white, GS-13, was a desk officer who assumed collateral duties of the OIG Hotline. Deny that Ms. Moon was assigned subsequent to plaintiff's reassignment.

20. Admit that plaintiff applied for and was tentatively selected for a GS-13 position with U.S. AID subject to completion of a background investigation, Top Secret security clearance and passing a drug test. Admit the 3rd, 4th and 5th sentences of paragraph 20. Admit that plaintiff was informed she could have the specimen retested; that she declined to do so; and that she claims that the reason for her refusal was that she was concerned the original specimen was tainted.

21. Aver that on September 10. 2002, Mr. Stephen Suprun, OIG Security Officer, issued

an official memorandum inquiry to US AID advising that plaintiff had a secret clearance and that the OIG had concerns regarding her continuing security clearance eligibility. Admit the second sentence in paragraph 21. Deny that plaintiff was "accosted" in the parking lot and admit that Special Agent Okerberg gave plaintiff a letter dated September 16, 2002 placing her on paid administrative leave. In the 4th sentence, aver that the letter speaks for itself. Admit that the letter advised plaintiff to surrender her keys, passwords and other OIG credentials and advised that her access was denied to all OIG offices. Aver that the letter referred plaintiff to the employee assistance program. Admit that plaintiff was notified on October 1, 2002 that her national security clearance was being revoked. Deny remaining allegations in paragraph 22.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Admit that plaintiff advised OIG Assistant Inspector General for Investigations, David Montoya on July 3, 2202 that she had been tentatively selected for the position at US AID but deny that she advised him that "nothing was final." Aver that on August 6, 2002 defendant advised plaintiff that her position as an investigative analyst was being realigned to the Eastern Region Office in Herndon, Va. Aver that in an August 9, 2002, letter from David Montoya to plaintiff, she was advised that she was being reassigned to the Eastern Region and that her Hotline responsibilities were being consolidated with the duties of the Headquarters desk officer, Linda Moon and that this realignment was consistent with the best interests of OI to more efficiently and effectively allocate resources. Admit that plaintiff wanted to remain in the position of Hotline Coordinator and that defendant denied plaintiff's request to remain in the

position. Deny the sixth sentence of paragraph 26.

27. Deny and aver that defendant worked with plaintiff to be able to perform her new position.

28. Deny.

29. Admit that plaintiff requested a GS-13 for the Hotline Coordinator position and debt that the defendant told plaintiff that the GS-13 Hotline Coordinator position could not be upgraded. Admit that plaintiff's work record was satisfactory and that she received positive recognition for her work within OIG and the DOI. Deny remainder of paragraph 29.

30. Admit the first and second sentence of paragraph 30. Deny the third sentence of paragraph 30. Deny that the Hotline Coordinator position did not require a security clearance and aver that the defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff had never seen a classified document.

31. Admit that on April 1, 2003, Earl Devaney issued a letter to plaintiff removing her from her position with the OIG and the Federal service in the interest of national security under 5 U.S.C. § 7532. Admit that plaintiff appealed only the indefinite suspension and denial of a sick and annual leave request to the Merit Systems Protection Board (MSPB). Deny that plaintiff appealed the removal action to the MSPB. Defendant avers that the MSPB had jurisdiction over the indefinite suspension only and lacks jurisdiction on the merits involving security clearance actions. Admit that the May 14, 2003, MSPB decision concluded that the agency acted improperly with respect to the suspension, but deny remainder of the allegation in paragraph 31.

32. Admit the first five sentences of paragraph 32. Deny the sixth sentence in paragraph 32.

33. Admit the first, fifth and sixth sentences of paragraph 33. Deny the remainder of

paragraph 33.

34. To the extent a response is deemed necessary to the argumentative allegations contained in paragraph 34, deny.

35. Deny.

36. Admit that plaintiff was a GS-12 employee whose job included referring allegations of waste, fraud, and abuse. To the extent an answer is required to the remainder of the allegations in paragraph 36, deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny

46. Deny.

47. Paragraph 47, subsections (a) through (j), contains plaintiff's prayer for relief to which no response is required. To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to the relief prayed for or to any relief whatsoever.

48. Plaintiff's request for a jury trial requires no response.

Defendant denies any and all allegations contained in the Complaint that are not specifically admitted above. Wherefore, having fully answered, defendant respectfully requests

that this action be dismissed with prejudice and that defendant be granted her costs and such other relief as this Court deems appropriate.

January 17, 2006                                            Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney

_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL
Laurie Larson-Jackson
Associate General Counsel
U.S. Department of the Interior
Office of Inspector General
1849 C Street, NW, MIB MS 5341
Washington, DC  20429

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Answer to be served upon *pro se* plaintiff by first class mail addressed to:

Wedonna Morris
3636 16th Street, N.W., B 1014
Washington, DC 20010

on this 17th day of January, 2006.

                                          ALAN BURCH, D.C. Bar # 470655
                                        Assistant United States Attorney
                                        555 4th St., N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7204
                                        alan.burch@usdoj.gov